968 F.2d 1210
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Appellee,
v.
Nestor Eduardo ROMERO-AGUILAR, a/k/a Migual Bravo-Mendoza,
Defendant, Appellant.
 No. 91-1470.
 United States Court of Appeals,
First Circuit.
 July 17, 1992
 
 Luis Acevedo, University of Puerto Rico Law Student, with whom Maria H. Sandoval, Professor of Law, by appointment of the Court, was on brief for appellant.
 Jose A. Quiles-Espinosa, Assistant United States Attorney, for appellee. Daniel F. Lopez Romo, United States Attorney, and Edward O. Vazquez, Assistant United States Attorney, on brief for appellee.
 Before Selya, Circuit Judge, Coffin and Campbell, Senior Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant Nestor Eduardo Romero-Aguilar appeals his conviction on cocaine importation and distribution charges. His primary claim is that he was denied due process when the district court allowed the prosecutor, in rebuttal argument, to refer to prior uncharged conduct without notice or a hearing on the admissibility of such evidence. For multiple reasons, we find no merit to defendant's complaints.
 
 
 2
 Most importantly, we reject defendant's contention that the disputed argument concerning his use of a false passport involved evidence of prior bad acts or uncharged crimes falling within Rule 404(b). As the district court found, all the government did was attack defendant's credibility using legitimate inferences based on the evidence admitted at trial. See United States v. Werme, 939 F.2d 108, 117 (3d Cir. 1991) ("The prosecutor is entitled to considerable latitude in summation to argue the evidence and any reasonable inferences that can be drawn from that evidence."). See also United States v. Garcia, 818 F.2d 136, 143 (1st Cir. 1987) (challenged statements on rebuttal did not exceed "the permissible scope of the prosecutor's right to comment on the plausibility of the defense theory").
 
 
 3
 The prosecutor's speculation about defendant's prior use of the phony passport clearly was designed to undercut defendant's credibility by demonstrating that he had lied about when he obtained it. No reference was made to past drug dealing. The district court stated that it paid particular attention to the argument on this point, and concluded that "[the prosecutor] has not hinted that the first trip or that any other trip he made was drug related, by any means," Tr. Vol. IV, at 56. The court further stated:
 
 
 4
 I think for a reason, it is not evidence of a drug trip, for a reason. The only evidence we have of other trips was for the legitimate reason of obtaining employment in Europe. And it is totally consistent with that.
 
 
 5
 Nobody has suggested, and if he does, I will stop him myself, without an objection, he has not done it. He has not mentioned that this second ticket is related to another drug trip. On the contrary, all he is saying is, that your client was in possession of [the passport] from before, that is all.
 
 
 6
 Id. at 58-59.
 
 
 7
 The inference of prior use of the passport was sufficiently supported by the evidence admitted at trial. Defendant had in his possession a flight ticket from Madrid to Quito dated August 17, 1990 in the name of Miguel Angel Bravo Mendoza, the same name that appeared on his current (October 4) ticket. The passport he carried, also in the name of Bravo and with defendant's photo attached, showed an entry into Quito on August 19 and an entry into Columbia-defendant's home country-the next day. In addition, when queried at the time of his arrest, defendant was able to provide the false date of birth, place of birth and address contained in the passport without reference to it, even though he supposedly had received the document only that day and had spent part of the intervening period asleep.
 
 
 8
 Although it is true, as defendant contends, that jurors might infer from prior use of the passport that Romero had been involved in earlier drug transactions, this was neither the thrust of the government's argument nor an inevitable result of the drawn inference. Moreover, the court minimized the significance of this point by instructing the jury, both at the outset of the trial and before deliberations, that statements and arguments by counsel are not evidence.* See Tr. Vol. II at 13-14; Vol. IV at 62-63, 86-87.
 
 
 9
 The fact that the passport and plane ticket underlying the challenged argument both were admitted without objection provides further support for our conclusion that no error occurred. Moreover, defense counsel had substantial notice that the prosecutor planned to use these pieces of evidence, having been so informed in the response to defendant's omnibus motion.
 
 
 10
 In essence, defendant's Rule 404(b) argument reduces to a complaint that his attorney failed to anticipate how the government would use the available documentary evidence. Counsel's lack of prescience does not, however, render the verdict vulnerable. Defendant has pointed to no case holding that the government must provide advance disclosure of its trial strategy, blow-by-blow, so as to enable the defendant to perfect his response. Cf. United States v. Reis, 788 F.2d 54, 58 (1st Cir. 1986) (government not mandated by law to disclose identity of trial witnesses); United States v. Barrett, 766 F.2d 609, 617 (1st Cir. 1985) (same).
 
 
 11
 Finally, in response to defendant's second issue on appeal, we decline the invitation to revisit our decisions holding that an individual may be convicted under the relevant narcotics statutes notwithstanding the lack of a specific intent to import drugs into the United States. See, e.g., United States v. McKenzie, 818 F.2d 115, 118-19 (1st Cir. 1987); United States v. Mejia-Lozano, 829 F.2d 268, 271-72 (1st Cir. 1987); United States v. Ortiz-Alarcon, 917 F.2d 651, 652 (1st Cir. 1990).
 
 
 12
 Affirmed.
 
 
 
 *
 Additionally, the court defused any possible prejudice resulting from the prosecutor's reference to defendant's prior use of a false passport by reminding the jury during its final charge that defendant was on trial for drug violations and not for a passport offense. See Tr. Vol. IV at 100-02. See also id. at 82